#24577-a-RWS

**2008 SD 18**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

MEADE EDUCATION ASSOCIATION,                    Petitioner and Appellant,

   v.

MEADE SCHOOL DISTRICT #46-1
and BOARD OF EDUCATION,                         Respondent and Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE FOURTH JUDICIAL CIRCUIT
MEADE COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE JEROME A. ECKRICH, III
Judge

\* \* \* \*

ANNE PLOOSTER
General Counsel
South Dakota Education Association
Pierre, South Dakota                    Attorney for petitioner
                                        and appellant.


BRUCE A. HUBBARD of
Hansen & Hubbard
Sturgis, South Dakota                   Attorneys for respondent
                                        and appellee.

\* \* \* \*

CONSIDERED ON BRIEFS
ON JANUARY 7, 2008

OPINION FILED **03/05/08**

#24577

SABERS, Justice

[¶1.] Meade Education Association (MEA) filed a complaint against Meade School District (School District) and Board of Education (the Board) with the Department of Labor alleging unfair labor practices. After a hearing, the Administrative Law Judge (ALJ) found in favor of MEA. School District appealed to the circuit court, which ruled against MEA and found neither the School District nor the Board engaged in unfair labor practices. MEA appeals and we affirm.

**FACTS**

[¶2.] Prior to 2005, the School District prepared and distributed a yearly handbook for teachers and a handbook for support staff within the district. After James Heinert became Superintendent of the School District, he concluded certain positions did not fall into the support staff positions. Therefore, he created a handbook, known as the professional and technical staff handbook (handbook), for these types of positions. Heinert testified these professional and technical staff positions were taken from the support staff category and not the teacher category. Positions covered by this handbook included contract workers such as food service operations manager, MCJROTC* Program Instructors, school social worker, computer specialist and Drug-Free Schools Coordinator. The handbook also covered hourly employees, such as the GED instructors, school nurses, computer technicians, communications specialist, and Capable Kids Site Coordinators. The handbook details topics like payroll procedures, overtime compensation, leaves of

---

* Marine Corp Junior Reserve Officers' Training Corp.

-1-

absences, vacation and holidays, termination of employment, sexual harassment and contains the grievance procedure. The Board was notified of the change and given a copy of the handbook at the August 16, 2005 meeting.

[¶3.]    On October 13, 2005, MEA filed a grievance with the Department of Labor alleging School District and the Board committed unfair labor practices by creating and adopting this handbook. MEA alleged that the employees seemingly covered by the new handbook are actually part of the bargaining unit represented by MEA. Therefore, to the extent the handbook contains terms and conditions of employment that were not negotiated by MEA, it alleged School District and the Board had committed unfair labor practices.

[¶4.]    A hearing was held before an ALJ. Like Lillibridge in *Lillibridge v. Meade School District*, 2008 SD 17, ___ NW2d ___, the MEA argued that these employees are "certificated personnel" and fall within the agreement negotiated by MEA and School District and the School District violated the agreement and engaged in unfair labor practices by creating the new handbook and allegedly changing the terms of employment. School District argued that these positions covered by the new handbook are not "certificated personnel" as none of the positions require a South Dakota teaching certificate.

[¶5.]    The ALJ concluded the employees were "certificated personnel," the negotiated agreement included these employees and the School District and Board committed unfair labor practices by changing the terms of employment without negotiating through MEA. On appeal, the circuit court reversed the ALJ, finding

the employees did not fall within the meaning of "certificated personnel." MEA appeals.

## STANDARD OF REVIEW

[¶6.] This case involves the interpretation of a clause within the negotiated agreement between MEA and School District. "The contracts negotiated between public school districts and teachers are like any other collective bargaining agreement, and disputes over the agreement are resolved with reference to general contract law." Wessington Springs Educ. Ass'n v. Wessington Springs Sch. Dist. #36-2, 467 NW2d 101, 104 (SD 1991). Contract interpretation is a question of law reviewed de novo. Hanson v. Vermillion Sch. Dist. #13-1, 2007 SD 9, ¶24, 727 NW2d 459, 467 (additional citations omitted).

[¶7.] **Whether the circuit court erred when it determined the School District and Board did not engage in unfair labor practices by creating a professional and technical staff handbook because the circuit court found these employees were not "certificated personnel" within the meaning of the negotiated agreement.**

[¶8.] Essentially, this is the same issue as *Lillibridge*, 2008 SD 17, ___ NW2d ___. MEA argues that the negotiated agreement should cover the employees covered by the new handbook because they are certificated personnel – that is, they hold certificates for their individual positions and professions. School District argues that "certificated personnel" are teachers who hold teaching certificates from the South Dakota Department of Education.

[¶9.] In *Lillibridge* we concluded that the circuit court did not err and only individuals with teaching certificates issued by the South Dakota Department of Education are "certificated personnel." Therefore, the employees certified from

#24577

some other entity are not covered under the negotiated agreement. The analysis

and conclusion in *Lillibridge* apply to this appeal. *See e.g. Lillibridge*, 2008 SD 17,

___ NW2d ___.

[¶10.]     The testimony in this case demonstrates that all the positions now

labeled professional and technical staff instead of support staff do not need a

teaching certificate, nor do the employees hold a valid teaching certificate. These

employees are not included within the MEA bargaining unit and are not covered by

the negotiated agreement.

[¶11.]     MEA also argues that the individual employee contracts extend the

negotiated agreement to these employees. The contract, in pertinent part, provides:

> The party of the first part is to perform all duties assigned
> by the party of the second part under the supervision of
> the Superintendent of Schools and in accordance with the
> provisions of the laws of the State of South Dakota, school
> policy, *the applicable Negotiated Agreement between the
> Meade Education Association and Meade School District
> 46-1,* and all administrative directives relating to the
> duties of the party of the first part.

(Emphasis added). While used prior to the 2004-2005 contracts, this language was

not included in the signed contracts for the 2004-2005 school year. In any event,

the language actually applies to the "party of the first part," which when we

examine the contract, is the employee and not the school district. Therefore, "[the

employee] is to perform all duties . . . in accordance with the provisions of the laws .

. ., school policy, the applicable Negotiated Agreement . . . ." This language does not

bind the School District to the negotiated agreement when dealing with non-

certificated employees.

-4-

[¶12.] Finally, the circuit court also found the professional and technical handbook did not change any of these employees' terms or conditions of employment. Therefore, it noted that even if the positions were covered by the negotiated agreement, the handbook did not need to be negotiated because the terms were the same as the terms in the negotiated agreement. However, due to our decision above, we need not address this finding.

[¶13.] The employees are not covered by the negotiated agreement as they do not hold teaching certificates. Therefore, the School District and Board did not commit an unfair labor practice by forming a new handbook without negotiating terms with the MEA.

[¶14.] Affirmed.

[¶15.] GILBERTSON, Chief Justice, and KONENKAMP and ZINTER, Justices, concur.

[¶16.] MEIERHENRY, Justice, concurs in result.


MEIERHENRY, Justice (concurring in result).

[¶17.] I agree with the Court's conclusion; however, I renew my concerns regarding the Court's superfluous discussion on ambiguity in *Lillibridge*. *See Lillibridge,* 2008 SD 17, ¶23, __ NW2d at ___ (Meierhenry, J., concurring).